## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                             Case No. 21-40083

LOVES FURNITURE INC.                               Chapter 11
d/b/a LOVES FURNITURE AND MATTRESSES,
a Delaware corporation,                            Hon. Thomas J. Tucker

       Debtor.
_____/

## DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF B. RILEY ADVISORY SERVICES AS FINANCIAL ADVISOR TO THE DEBTOR

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>")

respectfully states as follows in support of this application (this "<u>Application</u>"):[1]

### Relief Requested

1.      By this Application, the Debtor seeks, pursuant to section 327(a) of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>, entry

of an order, substantially in the form of the proposed order attached as **Exhibit A**

hereto (the "<u>Retention Order</u>"), authorizing the Debtor to employ and retain

GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B.

Riley Advisory") to provide financial advisory services to the Debtor in connection

---

[1] In support of this Application, the Debtor relies on the *Declaration of Mark Shapiro In Support Of The Debtor's Application For An Order Authorizing The Employment And Retention Of B. Riley Advisory Services as Financial Advisor To The Debtor* (the "Shapiro Declaration"), attached hereto as **Exhibit B**.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

with the above-captioned chapter 11 case (the "Chapter 11 Case") filed on January 6, 2021 (the "Petition Date") *nunc pro tunc* to the Petition Date.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157.  The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.     On January 6, 2021 ("Petition Date"), the Debtor filed a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to possess its property and operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.     The Debtor, founded on April 2, 2020, currently owns and operates 25 retail furniture and mattress stores located in Michigan, Ohio and Pennsylvania.  The Debtor's business arose out of its acquisition of certain store assets and inventory in

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

the chapter 11 cases of Art Van Furniture, LLC ("Art Van") and its affiliates, jointly administered under Case. No. 20-bk-10553 in the United States Bankruptcy Court for the District of Delaware.

6. The Debtor intends to continue in possession of its property and the management of its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7. A creditor committee (the "Committee") has been appointed in this case. DE 50. The Committee has retained proposed counsel.

8. A detailed description of the Debtor, its business and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case, were set forth in greater detail in the Declaration of Mack Peters, Interim Chief Executive Officer of Loves Furniture, Inc., d/b/a Loves Furniture and Mattresses, in Support of the Debtor's Chapter 11 Petition and First Day Motions (the "First Day Declaration")(DE 27) and is incorporated by reference herein.

## Basis for Relief

9. By this Application, the Debtor seek entry of an order pursuant to section 327(a) of the Bankruptcy Code, authorizing the employment and retention of B. Riley Advisory as financial advisors to Debtor during the Chapter 11 Case, all in accordance with the terms of the prepetition engagement letter dated

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

December 21, 2020 (the "Engagement Letter"). The Engagement Letter is attached as Exhibit 1 to the Declaration of Mark Shapiro, filed in support hereof.

## QUALIFICATIONS

10.     The Debtor seeks to retain B. Riley Advisory as its financial advisor because, among other things, the Debtor understands that B. Riley Advisory has a wealth of experience providing financial advisory services in restructurings and enjoys an excellent reputation for the services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

11.     As set forth in the Engagement Letter, the Debtor has engaged B. Riley Advisory as an independent contractor to the Debtor on the terms and conditions set forth in the Engagement Letter.

12.     B. Riley Advisory will be compensated as set out in the Engagement Letter and seeks to be employed under Section 327(a) of the Bankruptcy Code

13.     The Debtor has determined it is necessary to obtain financial advisory services from a firm with knowledge and experience in various areas to meet the Debtor's critical needs and complement the services offered by the Debtor's other restructuring professionals.  The Debtor, therefore, proposes to retain and employ B.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

Riley Advisory to provide financial advisory services through all phases of this Chapter 11 Case.

14.     The Debtor believes that B. Riley Advisory is particularly well qualified to provide financial advisory services in this Chapter 11 Case. B. Riley Advisory is a national financial advisory firm that provides corporate finance, forensic accounting, litigation support, real estate consulting, and financial advisory services in a variety of areas including financial restructuring. The firm's experience providing consulting services to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, official creditor committees, acquirers, equity sponsors, and other parties in interest, has included raising capital and arranging financial transactions with lenders and creditors, developing capital structures that are supported by operating ability and asset mix, and analyzing the financial structure of a company to ensure that such structure is based on the future goals of management and other stakeholders. B. Riley Advisory's financial restructuring group has professionals dedicated to providing restructuring and other management services.

15.     On or about December 21, 2020, the Debtor engaged B. Riley Advisory to act as its financial advisor. Pursuant to the engagement letter with B. Riley Advisory (the "Engagement Letter") attached as Exhibit 1 to the Shapiro Declaration, B. Riley Advisory has acted as financial advisor and assisted the Debtor

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

in reviewing its strategic options, developing its financial projections and liquidity projections, and generally assisting the Debtor in preparing for this Chapter 11 Case. During the course of this engagement, B. Riley Advisory has become thoroughly familiar with the Debtor's business and capital structure.

16.     If the Debtor were not authorized to engage B. Riley Advisory as financial advisor, the Debtor would need to seek such services from firms and individuals other than B. Riley Advisory in connection with this Chapter 11 Case. In that case, the Debtor, its creditors, and other parties in interest would be unduly prejudiced by the time and expense necessarily required by such new advisors to familiarize themselves with the intricacies of the Debtor and its proposed plan of reorganization.

17.     Subject to approval by, and further order of, the Bankruptcy Court, B. Riley Advisory will provide various financial advisory services, among others, to the Debtor in support of this Chapter 11 Case, as follows:

- Review historical and projected financial information, including operating results, capital structure and funding mechanics, for the Debtor;

- Assist the Debtor in developing financial projections and a liquidity projection model to help assess capital needs;

- Identify and assess potential restructuring alternatives for the Debtor;

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

- Assist the Debtor in communications and negotiations with lenders and other stakeholders;

- Assist the Debtor with First Day Order data collection;

- Assist the Debtor with financial reporting;

- Assist the Debtor in preparation of the statutory reporting requirements during the chapter 11 proceedings, which would include the Statements of Financial Affairs (SOFAs), Schedules of Assets and Liabilities (SOALs) and, during the pendency of the case, Monthly Operating Reports (MORs);

- Assist with the preparation of reports for, and communications with, the Bankruptcy Court, creditors, and any other relevant constituents;

- Review, evaluate and analyze the financial ramifications of proposed transactions for which the Debtor may seek Bankruptcy Court approval;

- Provide financial advice and assistance to the Debtor in connection with a sale or restructuring transaction;

- Assist the Debtor in developing and supporting a proposed Plan of Reorganization;

- Render Bankruptcy Court testimony in connection with the foregoing, as required, on behalf of the Debtor;

- Negotiate terms of debtor-in-possession financing, if necessary.

7

- Any other duty or task which falls within the normal responsibilities of a Financial Advisor at the direction of Management and/or Board.

18.    The services provided by B. Riley Advisory will complement and not duplicate the services to be rendered by any other professionals retained in this Chapter 11 Case.

19.    The Debtor understands that B. Riley Advisory intends to apply for allowance of compensation for professional services rendered on an hourly basis and reimbursement of out-of-pocket expenses incurred in connection with the Chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of Michigan (the "Local Rules"), orders of the Bankruptcy Court, and the terms of B. Riley Advisory's engagement with the Debtor.  B. Riley Advisory's hourly rates for the professionals expected to be providing services to the Debtor in this Chapter 11 Case are as follows:

| | |
|---|---|
| Mark Shapiro, Senior Managing Director | $550 |
| Greg Coppola, Managing Director | $450 |
| Joseph V. Pegnia, Managing Director | $435 |
| Tanya Anderson, Associate Director | $325 |

Hourly rates for other professionals are in the range of $225 to $650 per hour.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

20.     The Debtor has been advised that the hourly rates and the corresponding rate structure that B. Riley Advisory will use in the Chapter 11 Case are based on, among other things, the experience of the professional and the rates normally charged in the location in which such professional renders their services.  These hourly rates and the corresponding rate structure are designed to fairly compensate B. Riley Advisory and to cover routine expenses, and are comparable to those generally charged by financial advisory firms of similar stature and for comparable engagements, both in and out of court.  Therefore, the Debtor has agreed that, subject to the Bankruptcy Court's approval and as more fully described in the Engagement Letter, B. Riley Advisory shall be paid at the hourly rates set forth above.

21.     The Debtor fully understands that in order to reflect economic realities and other conditions, B. Riley Advisory revises its hourly rates and corresponding rate structure periodically and requests that, effective as of the date of any such revision, the aforementioned rates be revised to the rates in effect at that time.  In the case of any such revision, the Debtor understands that B. Riley Advisory will provide notice of any rate increases to the Debtor, the United States Trustee for the Eastern District of Michigan, and the Bankruptcy Court.

22.     The Debtor has also agreed to reimburse B. Riley Advisory, subject to the Bankruptcy Court's approval, for reasonable and actual out-of-pocket expenses incurred by B. Riley Advisory on the Debtor's behalf, such as document

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

reproduction, long distance telephone and fax charges, mail and express mail charges, travel expenses, computer research, and other disbursements. The Debtor understands that B. Riley Advisory will charge the Debtor for these expenses in a manner and at rates consistent with expenses charged generally to B. Riley Advisory's other clients.

23.     As part of the overall compensation payable to B. Riley Advisory under the terms and conditions of the Engagement Letter, the Debtor has agreed to indemnify B. Riley Advisory under certain circumstances in accordance with the indemnification provisions (collectively, the "Indemnification Provisions") set forth in the Engagement Letter. Pursuant to the Indemnification Provisions, the Debtor agreed to indemnify B. Riley Advisory (including any employees and affiliated persons) from and against all claims, liabilities, losses, and damages arising out of its services performed on the Debtor's behalf, *provided*, *however*, that the indemnification shall not extend to any action or failure to act that constitutes gross negligence, willful misconduct, or bad faith in performance under the Engagement Letter.

24.     To the best of the Debtor's knowledge, and except as otherwise disclosed in the Shapiro Declaration, B. Riley Advisory is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtor. Additionally, except as disclosed in the

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

Shapiro Declaration, aside from this engagement neither B. Riley Advisory, nor any of its affiliates have any connection with the Debtor, its creditors, or its equity holders, and B. Riley Advisory is not a creditor or equity holder of the Debtor.

25.     B. Riley Advisory has informed the Debtor, and to the best of the Debtor's knowledge, information, and belief, as set forth in the Shapiro Declaration, B. Riley Advisory has no agreement with any other entity to share any compensation received in this Chapter 11 Case.

26.     The Debtor submits that the terms and conditions of B. Riley Advisory's employment as disclosed in this Application, including the proposed fees and Indemnification Provisions, are reasonable, that the information provided herein and in the Shapiro Declaration provide sufficient disclosures, and that the Debtor's decision to seek the relief requested herein is a valid exercise of its business judgment. Accordingly, the Debtor respectfully submits that the employment and retention of B. Riley Advisory is in the best interest of the Debtor, and desires to employ B. Riley Advisory *nunc pro tunc* to the Petition Date.

## Notice

27.     Notice as provided under LBR 2014-1 will be provided to: (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) the creditors holding the 20 largest unsecured claims against the Debtor; (iii) counsel to PFP; (iv) known holders of prepetition liens against the Debtor's property; (v) appropriate state and federal

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

taxing authorities; and (vi) any person who has filed a request for notice in the above-captioned cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Prior Request**

28.     No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

WHEREFORE, the Debtor respectfully requests the entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: January 25, 2021
        Bloomfield Hills, Michigan

BUTZEL LONG, a professional corporation
By:      /s/  Max J. Newman

Max J. Newman (P51483)
Thomas B. Radom (P24631)
Stoneridge West
41000 Woodward Avenue
Bloomfield Hills, Michigan 48304
Tel: (248) 258-1616
Newman@butzel.com
Radom@butzel.com

Attorneys for Debtor

Dated: January 25, 2021

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

**<u>Exhibit A</u>**

**Proposed Retention Order**

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:  Case No. 21-40083

LOVES FURNITURE INC.  Chapter 11
d/b/a LOVES FURNITURE AND MATTRESSES,
a Delaware corporation,  Hon. Thomas J. Tucker

  Debtor.
_____/

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
## B. RILEY ADVISORY SERVICES TO PROVIDE
## FINANCIAL ADVISORY SERVICES TO THE DEBTOR,
## *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[1] of Loves Furniture Inc., the above-caption debtor and debtor in possession (the "Debtor") for entry of an order, as more fully described in the Application, authorizing the employment and retention of B. Riley Advisory Services[2] to provide financial advisory services to the Debtor *nunc pro tunc* to the Petition Date,; and upon consideration of the Shapiro Declaration submitted in support of the Application; and the Court being satisfied based on the representations in the Application and the Shapiro Declaration that B. Riley Advisory Services is "disinterested" as that term is defined in section 101(14)

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

[2] As used herein B. Riley Advisory Services means GlassRatner Advisory Capital Group, LLC

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtor or its estate in connection with the matters for which B. Riley Advisory Services is to be retained by the Debtor; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of B. Riley Advisory Services is in the best interest if the Debtor, its estate, and its creditors; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED as set forth in this Order.

2.      Pursuant to section 327 of the Bankruptcy Code, the Debtor is authorized, effective *nunc pro tunc* to the Petition Date, to engage B. Riley Advisory Services on the terms set forth in the Engagement Letter as modified by this Order. All compensation and reimbursement due to, and other rights of B. Riley Advisory Services in accordance with the Engagement Letter, as modified by this Order, shall be treated and allowed (subject to the compensation review procedures identified

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

herein) as administrative expenses in accordance with section 503 of the Bankruptcy Code and shall be paid in accordance with the Engagement Letter.

3.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

4.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

5.      In the event of any inconsistency between the Engagement Letter, the Application, and this Order, this Order shall govern.

Dated: _____, 2021
      Detroit, MI

_____
          United States Bankruptcy Judge

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

**Exhibit B**

**Declaration of Mark Shapiro**

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                                    Case No. 21-40083

LOVES FURNITURE INC.                                      Chapter 11
d/b/a LOVES FURNITURE AND MATTRESSES,
a Delaware corporation,                                   Hon. Thomas J. Tucker

      Debtor.

_____/

## DECLARATION OF MARK SHAPIRO IN SUPPORT OF THE DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF B. RILEY ADVISORY SERVICES AS FINANCIAL ADVISOR TO THE DEBTOR

I, Mark Shapiro, hereby declare under penalty of perjury:

1.      I am a Senior Managing Director of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services ("B. Riley Advisory")[1], a professional services firm engaged in the business of providing financial advisory and related consulting services, and I am duly authorized to execute this declaration (this "Declaration") on behalf of B. Riley Advisory.

2.      I submit this Declaration in support of the Debtor's Application For An Order Authorizing The Employment And Retention of B. Riley Advisory Services As         Financial         Advisor         To         The         Debtor

---

[1] B. Riley Advisory Services is the trade name used by GlassRatner Advisory Capital Group, LLC ("GlassRatner") and its affiliate Great American Group Advisory and Valuation Services, LLC .   All services to be provided to the Debtor hereunder will be performed solely by GlassRatner, and references to the B. Riley trade name herein refer to GlassRatner.

(the "<u>Application</u>"),[2] in compliance with, and to provide disclosures as required for the relief requested in the Application pursuant to section 327(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

3.      Unless otherwise stated in this Declaration, the facts set forth in this Declaration are based upon my personal knowledge or B. Riley Advisory's client/matter records that were reviewed by me or other B. Riley Advisory professionals acting under my supervision and direction.  To the extent any information disclosed in this Declaration requires amendment or modification upon B. Riley Advisory's completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Bankruptcy Court reflecting such amended or modified information.

### B. Riley Advisory Services' Qualifications

4.      B. Riley Advisory Services is a national financial advisory firm that provides corporate finance, forensic accounting, litigation support, real estate consulting, and financial advisory services in a variety of areas including financial restructuring.  The firm's experience providing consulting services to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, official creditor committees, acquirers, equity sponsors, and other parties in interest, has included raising capital and

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

arranging financial transactions with lenders and creditors, developing capital structures that are supported by operating ability and asset mix, and analyzing the financial structure of a company to ensure that such structure is based on the future goals of management and other stakeholders. B. Riley Advisory's financial restructuring group has professionals dedicated to providing restructuring and other management services.

5. I, Mark Shapiro, have extensive bankruptcy and restructuring, corporate, and related expertise. I have over twenty-five years' experience as a turnaround advisor and corporate financial executive and have advised debtors, secured lenders, trade creditors and equity holders in both out of court and in court proceedings. I have extensive experience in U.S. Bankruptcy Courts and have been involved in numerous chapter 11 cases and court-appointed receiverships. For example, I have served as Financial Advisor to the Debtors in the GGI Holdings LLC (Gold's Gym) bankruptcy (NDTX Case 20-31318), Chief Restructuring Officer to Pine Creek Medical Center LLC (NDTX Case 19-33079), Chief Restructuring Officer to Lockwood Holdings, Inc. (SDTX Case 18-30197) and Financial Advisor to the Debtors in the Uplift Rx LLC bankruptcy (SDTX Case 17-32186).

## Services to be Provided

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

6.    The Debtor has requested that B. Riley Advisory render, to the extent necessary and among other things, the following services in connection with this Chapter 11 Case:

- Review historical and projected financial information, including operating results, capital structure and funding mechanics, for the Debtor and each of its affiliates;

- Assist the Debtor in developing financial projections and a liquidity projection model to help assess capital needs;

- Identify and assess potential restructuring alternatives for the Debtor;

- Assist the Debtor in communications and negotiations with lenders and other stakeholders;

- Assist the Debtor with First Day Order data collection;

- Assist the Debtor with financial reporting;

- Assist the Debtor in preparation of the statutory reporting requirements during the chapter 11 proceedings, which would include the Statements of Financial Affairs (SOFAs), Schedules of Assets and Liabilities (SOALs) and, during the pendency of the case, Monthly Operating Reports (MORs);

- Assist with the preparation of reports for, and communications with, the Bankruptcy Court, creditors, and any other relevant constituents;

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

- Review, evaluate and analyze the financial ramifications of proposed transactions for which the Debtor may seek Bankruptcy Court approval;

- Provide financial advice and assistance to the Debtor in connection with a sale or restructuring transaction;

- Assist the Debtor in developing and supporting a proposed Plan of Reorganization;

- Render Bankruptcy Court testimony in connection with the foregoing, as required, on behalf of the Debtor;

- Negotiate terms of debtor-in-possession financing, if necessary.

- Any other duty or task which falls within the normal responsibilities of a Financial Advisor at the direction of Management and/or Board.

**<u>Disclosure Concerning Disinterestedness</u>**

7.     In connection with the Debtor's proposed retention of B. Riley Advisory, B. Riley Advisory obtained from the Debtor the names of individuals and entities that may be parties in interest in this Chapter 11 Case (collectively, the "<u>Potential Parties in Interest</u>"), which Potential Parties in Interest are listed on Exhibit 2 annexed hereto. B. Riley Advisory then compared the names of the Potential Parties in Interest with the names of entities that have entered into engagement agreements with B. Riley Advisory in the last three years.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

8.      I am unaware of any engagements of B. Riley Advisory or its affiliates by the Potential Parties in Interest within the last three years or any other material connections between B. Riley Advisory and the Potential Parties in Interest other than B. Riley Advisory's present engagement with the Debtor other than the disclosures set forth herein, all of which are unrelated to the Debtor. It is possible that B. Riley may now or in the future be retained by one or more additional Potential Parties in Interest in unrelated matters without my knowledge. To the extent that B. Riley discovers or enters into any new material relationship with Potential Parties in Interest, this Declaration will be supplemented.

9.      Although B. Riley Advisory has researched the Potential Parties in Interest list, the Debtor may also have numerous customers, creditors, competitors, and other parties with whom they maintain business relationships that are not included as Potential Parties in Interest and with whom B. Riley may maintain business relationships.

10.      In addition, it is possible that certain of B. Riley Advisory or its affiliates and theirs respective directors, officers, members, managers, or employees may have had in the past, may currently have, or may in the future have connections to (i) the Debtor or (ii) the Potential Parties in Interest in this Chapter 11 Case. To the extent that B. Riley Advisory or its affiliates discover that any of its directors,

officers, or employees have a material relationship with the Debtor or any Potential

Party in Interest, this Declaration will be supplemented.

11. B. Riley Advisory is a subsidiary of B. Riley Financial, Inc. (NASDAQ:

RILY), a publicly traded, diversified financial services firm. B. Riley Financial, Inc.

and its subsidiaries provide collaborative financial services and solutions through:

a. B. Riley Securities, Inc. ("B. Riley Securities") is a leading, full service investment bank providing financial advisory, corporate finance, research, securities lending and sales and trading services to corporate, institutional and high net worth individual clients. B. Riley Securities, (fka B. Riley FBR) was formed in November 2017 through the merger of B. Riley & Co, LLC and FBR Capital Markets & Co., which was acquired in June 2017.

b. B. Riley Wealth Management, Inc. ("B. Riley Wealth Management") provides comprehensive wealth management and brokerage services to individuals and families, corporations and non-profit organizations, including qualified retirement plans, trusts, foundations and endowments. B. Riley Wealth Management was formerly Wunderlich Securities, Inc., which the Company acquired on July 3, 2017 and changed the name in June 2018.

c. B. Riley Capital Management, LLC, a Securities and Exchange Commission-registered investment advisor, which includes:

   i. B. Riley Asset Management, an advisor to certain private funds and to institutional and high net worth investors.

   ii. Great American Capital Partners, LLC ("GACP"), the general partner of two private funds, GACP I, L.P. and GACP II, L.P., both direct lending funds that provide senior secured loans and second lien secured loan facilities to middle market public and private U.S. companies.

d. Subsidiaries doing business as B. Riley Advisory Services:

      i.   GlassRatner Advisory & Capital Group LLC ("<u>GlassRatner</u>"), a specialty financial advisory services firm that provides consulting services to shareholders, creditors and companies, including due diligence, fraud investigations, corporate litigation support, crisis management and bankruptcy services.

     ii.   Great American Group Advisory and Valuation Services, LLC, a leading provider of appraisal and valuation services for asset based lenders, private equity firms and corporate clients.

e.  B. Riley Retail Solutions, LLC (fka Great American Group, LLC), a leading provider of asset disposition and auction solutions to a wide range of retail and industrial clients.

f.  B. Riley Financial, Inc. also pursues a strategy of investing in or acquiring companies which it believes have attractive investment return characteristics. B. Riley Financial, Inc. acquired United Online, Inc. ("<u>UOL</u>" or "<u>United Online</u>") on July 1, 2016 and magicJack VocalTec Ltd. ("<u>magicJack</u>") on November 14, 2018 as part of its principal investment strategy.

      i.   UOL is a communications company that offers consumer subscription services and products, consisting of Internet access services and devices under the NetZero and Juno brands primarily sold in the United States.

     ii.   magicJack is a Voice over IP ("<u>VoIP</u>") cloud-based technology and services communications provider.

g.  B. Riley Real Estate ("<u>BRRE</u>") is a real estate consulting and advisory firm that advises clients throughout the United States and Canada. BRRE has dedicated professionals who provide real property lease advisory services to its clients and who have extensive experience optimizing retail real estate portfolios, reducing occupancy costs, and assisting in lease restructurings, terminations, and dispositions.

h.  BR Brand provides licensing of a brand investment portfolio. BR Brand owns the assets and intellectual property related to licenses of six brands: Catherine Malandrino, English Laundry, Joan Vass, Kensie Girl, Limited Too and Nanette Lepore.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

12.     The review of the Potential Parties in Interest was conducted by B. Riley Financial, Inc. pursuant the following procedures: We check the internal databases of B. Riley Financial, Inc. and its subsidiaries, and, additionally, we ask our corporate senior management, finance, accounting, compliance and legal departments, as well as managers at our above-described investment banking, retail, real estate, appraisal, advisory, liquidation and wealth and capital management affiliates to review the list of interested parties and to identify and describe any relationships.  Based on the process set forth herein, it is my understanding that the overall design and implementation of B. Riley's current procedures provide a reasonable level of comfort that relationships and potential conflicts will be identified.  Continued inquiry will be made following the filing this Declaration by undertaking the same procedures described herein on a periodic basis, with additional disclosures to be filed in this Court if necessary or otherwise appropriate.

13.     GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), the entity that will be providing all services contemplated hereunder to the Debtor under the trade name B. Riley Advisory Services, is a separate legal entity from the other entities described in paragraph 11 above, and obverses all legal formalities between entities.  GlassRatner adheres to all confidentially obligations across entities with respect to client information.  GlassRatner personnel do not have access to the files of other business lines nor do other business lines have access to GlassRatner files.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

14. As discussed herein and as noted in <u>Exhibit 3</u> attached hereto, GlassRatner and its affiliates have certain connections with creditors, equity security holders, and other parties in interest in this Chapter 11 Case. All of these matters, however, are unrelated to this Chapter 11 Case. GlassRatner and its affiliates serve clients across a broad range of industries, functions, and geographies, and, within industries, serve competitors and do so in a manner that protects the confidentiality of each client's information (including the confidentiality of the engagement itself). Thus, GlassRatner and its affiliates may have in the past provided services for, may presently be providing services for, and may in the future provide services for entities that are determined to be creditors, equity security holders, and other parties in interest in this Chapter 11 Case; however, to the best of my current knowledge, subject to the disclosures set forth herein, such services do not focus on direct commercial relationships or transactions between such companies and the Debtor. From time to time, B. Riley or its affiliates, may engage the professional services of, or be engaged in proceedings in which firms listed on the Interested Parties List may appear. Affiliates of GlassRatner regularly provide asset appraisal, consultation, enterprise valuation, and/or field exam services in the ordinary course of business to many lenders, investors, and other market participants, some of whom may be parties in interest in this case. Without limiting the foregoing, GlassRatner and its

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

affiliates report the connections to the Potential Parties in Interest as listed on Exhibit 3 hereto.

15.     Neither I nor any other professional of B. Riley Advisory who will work on this engagement, to the best of my knowledge after reasonable inquiry, is related to or connected to the United States Bankruptcy Judge assigned to this Chapter 11 Case, the U.S. Trustee, or any persons employed by the U.S. Trustee.

16.     Based upon the foregoing, except as otherwise set forth herein and on Exhibit 3, to the best of my knowledge, information, and belief, B. Riley Advisory is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code (as modified by section 1107(b) of the Bankruptcy Code), in that, to the best of my knowledge, B. Riley Advisory, its members, and employees: (a) are not a creditors, an equity security holders, or an insiders of the Debtor; (b) are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtor; and (c) do not have an interest materially adverse to the Debtor, its estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

## Compensation Arrangement

17.    B. Riley Advisory intends to apply for allowance of compensation for professional services rendered on an hourly basis and reimbursement of out-of-pocket expenses incurred in connection with this Chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Bankruptcy Court, and the terms of B. Riley Advisory's engagement with the Debtor.  B. Riley Advisory's hourly rates for this Chapter 11 Case are as follows:

| | |
|---|---|
| Mark Shapiro, Senior Managing Director | $550 |
| Greg Coppola, Managing Director | $450 |
| Joseph V. Pegnia, Managing Director | $435 |
| Tanya Anderson, Associate Director | $325 |

18.    The hourly rates and corresponding rate structure B. Riley Advisory will use in this Chapter 11 Case is the same as, similar to, or less than the hourly rates and corresponding rate structure that B. Riley Advisory uses in other debtor restructuring matters and in similar corporate matters, whether in court or otherwise, regardless of whether a fee application is required.

19.    The Debtor has also agreed to reimburse B. Riley Advisory, subject to the Bankruptcy Court's approval, for reasonable and actual out-of-pocket expenses incurred by B. Riley Advisory on the Debtor's behalf, such as copying and postage charges, document reproduction, long distance telephone and fax charges, mail and express mail charges, travel expenses, computer research, and other disbursement.

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

B. Riley Advisory will charge the Debtor for these expenses in a manner and at rates consistent with expenses charged generally to B. Riley Advisory's other clients.

20.　　As part of the overall compensation payable to B. Riley Advisory under the terms and conditions of the Engagement Letter, the Debtor has agreed to indemnify B. Riley Advisory under certain circumstances in accordance with the indemnification provisions (collectively, the "Indemnification Provisions") set forth in the Engagement Letter.  Pursuant to the Indemnification Provisions, the Debtor agreed to indemnify B. Riley (including any employees and affiliated persons) from and against all claims, liabilities, losses, and damages arising out of its services performed on the Debtor's behalf, *provided*, *however*, that the indemnification shall not extend to any action or failure to act that constitutes gross negligence, willful misconduct, or bad faith in performance under the Engagement Letter.

21.　　B. Riley has no agreement with any other entity to share any compensation received concerning the representation of the Debtor.  If any such agreement is entered into, B. Riley undertakes to amend and supplement this Declaration to disclose the terms of any such agreement.

　　Dated: January 23, 2020
　　　　　Dallas, Texas


　　　　　　　　　By:  */s/ Mark Shapiro*　　　　　　　
　　　　　　　　　Name: Mark Shapiro

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

**Exhibit 1 to the Declaration of Mark Shapiro**

**B. Riley Engagement Letter**

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

DocuSign Envelope ID: 583C3A98-DCCE-41B8-A48D-4B48ACD79A17



3500 Maple Ave, Suite 420
Dallas, TX 75219
Tel: (972) 794-1050
www.brileyfin.com

December 20, 2020

Mr. Jeffrey Love, Director
Loves Furniture & Mattresses LLC
6500 E. 14 Mile Road
Warren, MI 48092

Dear Lance,

This Engagement Letter Agreement (the "Agreement") confirms our engagement to assist Loves
Furniture and Mattresses LLC ("Loves" or the "Company"). GlassRatner Advisory & Capital Group,
LLC dba B. Riley Advisory Services ("B. Riley Advisory") is being retained as Financial Advisor related
to the Matter.

It is our understanding that you are authorized to retain us on behalf of the Company. Mark Shapiro,
Senior Managing Director, will lead B. Riley Advisory's day-to-day activities and report directly to you.
Mark will assign other professionals to the Matter as needed.

### Scope of Services

Engagements such as this are dynamic, requiring a broad scope of services that may or may not be
required as the matter progresses. Based on our limited conversations it appears the Company is preparing
to engage in negotiations with its senior secured creditor, which may result in a sale or a restructuring that
may occur through a Chapter 11 or similar proceeding. As such, the Scope of Services may include the
following:

- Review historical and projected financial information, including operating results, capital
  structure and funding mechanics, for the Company and each of its affiliates;
- Assist the Company in developing financial projections and a liquidity projection model to help
  assess capital needs;
- Identify and assess potential restructuring alternatives for the Company;
- Assist the Company in communications and negotiations with lenders and other stakeholders;
- If a Chapter 11 or similar proceeding is necessary:
    - Assist the Company with First Day Order data collection;
    - Assist the Company with financial reporting;
    - Assist the Company in preparation of the statutory reporting requirements during the
      chapter 11 proceedings, which would include the Statements of Financial Affairs
      (SOFAs), Schedules of Assets and Liabilities (SOALs) and, during the pendency of the
      case, Monthly Operating Reports (MORs);
    - Assist with the preparation of reports for, and communications with, the Bankruptcy
      Court, creditors, and any other relevant constituents;
    - Review, evaluate and analyze the financial ramifications of proposed transactions for
      which the Company may seek Bankruptcy Court approval;
    - Provide financial advice and assistance to the Company in connection with a sale or
      restructuring transaction;
    - Assist the Company in developing and supporting a proposed Plan of Reorganization;
    - Render Bankruptcy Court testimony in connection with the foregoing, as required, on
      behalf of the Company;
    - Negotiate terms of debtor-in-possession financing, if necessary.
- Any other duty or task which falls within the normal responsibilities of a Financial Advisor at the
  direction of Management and/or Board.

DocuSign Envelope ID: 583C3A98-DCCE-41B8-A48D-4B48ACD79A17

**B | RILEY** *Advisory Services*

## Compensation

Our professional fees are based on the number of hours worked at our standard hourly billing rates plus out-of-pocket costs incurred. Our firm's current standard hourly rates for the persons who may work on this engagement range from $250 to $550 per hour. For this Matter, we will bill for our professional services at an hourly rate plus out-of-pocket expenses incurred. Our hourly rates for the individuals we anticipate using on this project are as follows:

| | |
|---|---|
| Mark Shapiro, Senior Managing Director | $550 |
| Greg Coppola, Managing Director | $450 |
| Tanya Anderson, Associate Director | $325 |

B. Riley Advisory reviews its hourly rates each March 1 and the Company should anticipate an annual rate increase on March 1. If the date of this engagement letter falls within six (6) months preceding March 1, then the rate increase will take effect on the following March 1.

In matters where travel is required, we routinely bill ½ of the required travel time. We will submit our billings monthly or at other logical points during the engagement and payment is due when the invoice is received. We reserve the right to defer rendering further services until past due amounts are received. We also reserve the right to be paid in full prior to any testimony for all time and expenses including estimated time and expenses through testimony. Our fees are not contingent on the outcome of the Matter.

## Retainer

In accordance with B. Riley Advisory's standard policy, we will require a retainer of $50,000 to be applied to our final billing for the Matter or refunded to the extent it exceeds unpaid billings ("Retainer"). As an accommodation for this engagement, B. Riley Advisory will agree to split the Retainer into two payments -- $25,000 due upon the commencement of this engagement and $25,000 due 10 days after the commencement of this engagement. To the extent the Company has not filed a chapter 11 insolvency proceeding, the Company agrees to replenish the retainer as requested. Subsequent to a chapter 11 insolvency proceeding, B. Riley Advisory will invoice monthly or on some other periodic basis as allowed by the Bankruptcy Court.

This Retainer is not intended to be an estimate for the total cost of work that may be performed, nor have we provided a binding estimate or other form of cap. The Company recognizes that it is difficult to estimate the amount of time that this engagement may require. The time involved depends upon the extent and nature of available information. It also depends upon the developments that occur as our work progresses. It is our intention to work closely with the Company to structure our work so that the Company is aware of the scope and direction of our work as it progresses. Should the time demand increase, we may require an addition to our Retainer.

## Limitations

B. Riley Advisory is not a public accounting firm. While our work may involve analysis of accounting records, the engagement does not include an audit or review of existing records in accordance with generally accepted auditing standards or standards for review engagements.

All working papers or other documents used by us during the course of this engagement will be maintained in segregated files. The working papers and other materials created by us during this engagement are our property. At the completion of our engagement, all of your documents will be returned to you at your request. Unless we are notified otherwise, or unless you request the files to be returned to you, we will work on the assumption that all documents in our possession may be destroyed one year from the completion of the trial or settlement of the Matter, or the passage of one year without

DocuSign Envelope ID: 583C3A98-DCCE-41B8-A48D-4B48ACD79A17

**B | RILEY** *Advisory Services*

our actively participating in the Matter.

Please note that it is not our practice to retain working papers, notes, or data files that have been updated or superseded. If you wish us to follow a different retention practice, please indicate your specific request(s) in writing when returning a copy of this engagement letter.

## Indemnification

The Company agrees to indemnify and hold harmless B. Riley Advisory (including any employees or affiliated persons) from and against all claims, liabilities, losses and damages arising out of our services performed upon the Company's behalf except to the extent caused by gross negligence or willful misconduct by us. Further, the Company agrees to reimburse B. Riley Advisory for any legal or other expenses reasonably incurred by us in connection with the defense of such claims; provided, however, that they shall be excluded from such indemnification and reimbursement of any such loss, damage, liability, claim or expense which arises out of or is based upon any action or failure to act by B. Riley Advisory pursuant to this Agreement or which constitutes gross negligence, other acts of willful misconduct in performance under this Agreement on the part of B. Riley Advisory. Such indemnification shall survive the completion of the engagement.

## Termination

Either party, in its sole discretion, for any reason whatsoever, may terminate this Agreement immediately. Upon termination of this Agreement, B. Riley Advisory shall be entitled to all fees and expenses incurred pursuant to this Agreement and the remaining unpaid balance of any fee, which is due and payable pursuant hereto.

## Confidentiality

B. Riley Advisory agrees not to disclose or permit the disclosure of any of the terms of this Agreement or any information relating to the project to be performed hereunder, provided that such disclosure may be made (a) to any person who is an officer, director or employee of B. Riley Advisory solely for their use in the performance of the services hereunder and on a need-to-know basis, (b) with the prior written consent of the Company, or (c) pursuant to a subpoena or order issued by a court, arbitrator or governmental body, agency or official. In the event that B. Riley Advisory shall receive a request to disclose any of the terms of this Agreement under a subpoena or order, B. Riley Advisory shall (i) promptly notify the Company, (ii) consult with the Company on the advisability of taking steps to resist or narrow such request and (iii) if disclosure is required or deemed advisable, cooperate with the Company in any attempt it may make to obtain an order or other assurance that confidential treatment will be accorded those terms of this Agreement that are disclosed.

## Integration

This Agreement contains the entire agreement and understanding between B. Riley Advisory and the Company concerning B. Riley Advisory's services for the Company in conjunction with the Matter. This Agreement supersedes and replaces all prior negotiations, estimates, proposed agreements, and/or agreements (oral and written) concerning B. Riley Advisory's services for the Company in conjunction with the Matter.

## Governing Law; Dispute Resolution

The laws of the State of Texas shall govern this Agreement. Any dispute arising out of or relating to this Agreement, including for recovery of fees by B. Riley Advisory, shall be resolved by binding arbitration in accordance with the Commercial Rules of the American Arbitration Association (the "AAA"), and the

**B | RILEY** *Advisory Services*

AAA's Expedited Procedure shall be used where applicable. The arbitration shall be conducted through the AAA by a single arbitrator chosen from the AAA's panel of arbitrators. Company and B. Riley Advisory agree that the arbitration shall take place in Dallas, TX. Judgment upon the award rendered by the arbitrator may be entered in any court having personal jurisdiction over the party responsible for payment under the award. The prevailing party in any dispute arising out of or relating to this Agreement shall be entitled to recover from the other all fees and costs incurred, including legal fees and costs of arbitration, in any proceedings, including, but not limited to arbitration, litigation, bankruptcy, and in any appellate proceedings as well.

<u>Conclusion</u>

All correspondence should be directed to:

Mark Shapiro
Email: mshapiro@glassratner.com
Phone: 972.794.1056

If the arrangements described in this Agreement are acceptable to the Company, and the services summarized above are in accordance with the understanding of the Company, please sign and return a copy of this letter, along with the first installment of the Retainer. This Agreement shall be enforceable against the Company so long as the Company signs below. We look forward to working with you on this Matter.

Yours very truly,

**GLASSRATNER ADVISORY & CAPITAL GROUP LLC DBA B. RILEY ADVISORY SERVICES**

Mark Shapiro, Senior Managing Director

The services summarized in this Agreement are in accordance with our requirements and are acceptable to the Company.

Accepted:

_____          12/21/2020
Jeffery Love, Director                            _____
                                                  Date#
#
#
#
#
#
#

#



Givxmjmgexi$j}$Gsq tpixmsr

Envelope Id: 583C3A98DCCE41B8A48D4B48ACD79A17                    Status: Completed
Subject: Please DocuSign: Loves Furniture_B. Riley Advisory EL 12.20.2020.pdf
Source Envelope:
Document Pages: 4                    Signatures: 1                    Envelope Originator:
Certificate Pages: 5                    Initials: 0                    Mark Shapiro
AutoNav: Enabled                                        mshapiro@brileyfin.com
EnvelopeId Stamping: Enabled                                    IP Address: 65.229.4.12
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Vigsvh$Xvegomrk

Status: Original                    Holder: Mark Shapiro                    Location: DocuSign
        12/20/2020 4:23:03 PM                    mshapiro@brileyfin.com

Wmkriv$Izirxw                    Wmkrexyvi                    Xmq iwxeq t

Jeff Love                                                Sent: 12/20/2020 4:29:14 PM
jefflove@usassetsinc.com                    /١٦٢                    Viewed: 12/21/2020 7:20:02 AM
Pres                                                Signed: 12/21/2020 7:20:09 AM
US Assets Inc
Security Level: Email, Account Authentication            Signature Adoption: Drawn on Device
(None)                                        Using IP Address: 107.77.198.41
                                        Signed using mobile
Ipigxvsrmg$Vigsvh$erh$Wmkrexyvi$hmwgpswyvi$
   Accepted: 12/21/2020 7:20:02 AM
   ID: 369833ab-cd6a-4ff3-92ba-cf8c561a0616

Mr$Tivwsr$Wmkriv$Izirxw                    Wmkrexyvi                    Xmq iwxeq t

Ihmsv}Hipmziv}$Izirxw                    Wxexyw                    Xmq iwxeq t

Ekirx$Hipmziv}$Izirxw                    Wxexyw                    Xmq iwxeq t

Mrxivq ihmev}$Hipmziv}$Izirxw                    Wxexyw                    Xmq iwxeq t

Givxmjmih$Hipmziv}$Izirxw                    Wxexyw                    Xmq iwxeq t

Gevfsr$Gst}$Izirxw                    Wxexyw                    Xmq iwxeq t

Dave Aarant                    COPIED                    Sent: 12/20/2020 4:29:13 PM
dave@usassetsinc.com                                Viewed: 12/21/2020 7:59:47 AM
President
Loves Furniture Inc
Security Level: Email, Account Authentication
(None)
Ipigxvsrmg$Vigsvh$erh$Wmkrexyvi$hmwgpswyvi$
   Not Offered via DocuSign

[mxriww$Izirxw                    Wmkrexyvi                    Xmq iwxeq t

Rsxev}$Izirxw                    Wmkrexyvi                    Xmq iwxeq t

Irzipsti$Wyqqev}$Izirxw                    Wxexyw                    Xmq iwxeq tw

Envelope Sent                    Hashed/Encrypted                    12/20/2020 4:29:13 PM
Certified Delivered                    Security Checked                    12/21/2020 7:20:02 AM
Signing Complete                    Security Checked                    12/21/2020 7:20:09 AM
Completed                    Security Checked                    12/21/2020 7:20:09 AM

| Te}q irx Izirxw | Wxexyw | Xmq iwxeq tw |
| --- | --- | --- |
| Ipigxwsrmg Vigsvh erh Wmkrexyvi Hmwgpswyvi | | |

## ELECTRONIC RECORD AND SIGNATURE DISCLOSURE

From time to time, B. Riley Financial (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

### Getting paper copies

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

### Withdrawing your consent

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

### Consequences of changing your mind

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

### All notices and disclosures will be sent to you electronically

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact B. Riley Financial:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: twood@brileyfin.com

**To advise B. Riley Financial of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at twood@brileyfin.com and in the body of such request you must state: your previous email address, your new email address. We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from B. Riley Financial**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to twood@brileyfin.com and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with B. Riley Financial**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to twood@brileyfin.com and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify B. Riley Financial as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by B. Riley Financial during the course of your relationship with B. Riley Financial.

**<u>Exhibit 2 to the Declaration of Mark Shapiro</u>**

**List of Interested Parties**

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

**Debtor**
Loves Furniture Inc.
d/b/a Loves Furniture And Mattresses

**Current Officers and Members
of Debtor's Board of Directors**
Jeff Love
Mack Peters

**Depository**
Chase Bank, N.A.

**Debtor's Professionals**
Butzel Long
B. Riley Advisory Services
Stretto (Bankruptcy Management
Solutions, Inc)

**Debtor's Affiliate**
US Assets

**Secured Creditors**
Store Capital Acquisitions, LLC
Argyle Acres
A & R Properties
Preferred Furniture Promotions
Toronto Dominion Bank
Penske Logistics
Kuehn and Nagel
Westwood Capital Funding

**Counsel for Secured Creditors**
Faegre Drinker Biddle & Reath LLP

**Inventory Consultants (Agency)**
Preferred Furniture Promotions
Hilco Global Resources

**Counsel for Inventory Consultants**
Troutman Pepper
Esses Law

**Judge**
Hon. Thomas J. Tucker

**US Trustee (Counsel)**
Jill M. Gies

**Counsel for other parties**
Seyburn Kahn (WZC Networking,
LLC)
Frost Brown Todd Llc (Tempur Sealy)
Dorsey & Whitney LLP (LCN Capital
Partners)
Stark & Stark, PC (SBV-Holland
LLC)
Ballard Spahr LLP (Comcast Cable,
Store Capital)
Honigman LLP (Agree Limited
Partnership)
The Dragich Law Firm PLLC
(Creditor Backer Services, Inc.)
Clark Hill PLC (Store Master Funding
entities as landlords)
Faegre Drinker Biddle & Reath LLP
(Penske Logistics)
Honigman LLP (Planned Furniture
Promotions)
Fraser Trebilcock Davis & Dunlap,
P.C. (Comcast)
Miller, Canfield, Paddock and Stone,
P.L.C. (Michigan Office Movers,
LLC)

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

**Landlords**
A&R Properties
LCN
STORE Capital
RDB Davison Road, LLC
AGREE Limited Partnership
SBV--Holland LLC
Argyle Acres Mall LLC
Essential Properties
JJWSC Limited Partnership II PA
Broadstone AVF Michigan, LLC

**Utilities**
Altoona Water Authority
American Electric Power
Aqua Pennsylvania
AT&T
Atlantic Broadband
Canton Township Water Dept.
City of Ann Arbor Solid Waste
City of Royal Oak Water
City of Taylor Water Dept
City of Warren Water
Consumers Energy
Detroit Electric - Gas
Dominion Energy
Dominion Energy Ohio
DTE Energy  ("Detroit Electric")
Frontier Communications
Ohio Edison
Penn Power
Republic Services #674
Republic Services #675
Republic Services #676
Republic Services #677
Semco Energy Gas Company
Shelby Township Public Works
Toledo Edison
Verizon
Waste Management

Waste Management
West Penn Power
Youngstown Water Department

**Unsecured Creditors and**
**Certain of Their Affiliates**
Paycor
123net
A&B Home Inc.
A.T.S.W.A.
A-America, Inc.
Abbyson Living
Absolute Performance, Inc.
Adesso Inc.
Advanced Fire Company
Affordable Furniture Manufacturing
Air Tiger Express (USA), Inc.
All Quality Construction
All Star Incentive Marketing
All Tire & Auto Service Center
All Trade Contracting
Alpina Manufacturing
Altoona Water Authority
Amalfi Home Furniture
American Electric Power
American Groundskeeping
American Roofing Inc
Ameripro Restoration
AMI Strategies
Andustrial Steel
Anji Weiyu Furniture Co Ltd
Appts Plus (Store Source LLC)
Aqua Pennsylvania
Aquent
Armstrong Business Solutions
Ashley Furniture Industries

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

Aspen Furniture Values Intl.
Assembly (TargetCast LLC)
Atlantic Broad Band
Avalon
B&B Lawn And Landscaping
Backer Landscaping
Barco Logistics, Llc
Bassett Furniture
Bay City Treasurer
Bedgear, Llc
Behold Washington
Bernhardt Furniture
Best Chairs Inc
BGE
Birdeye
Bloom Roofing Systems Inc
Blue Chip Talent
Blue Sky Photography, Inc
Bods Consulting
Boyer Refrigeration
Burgmeiers
Burrell Plumbing
Cadre Computer Resources
California Umbrella
Canton Township Water Dept
CDM Technology
CDW
Central Oriental Rugs
Certify, Inc
Chairs America
Charter Township Of Port Huron
Chicago Service Source, Inc
Cintas
City Of Ann Arbor Solid Waste
City Of Ann Arbor Treasurer
City Of Ann Arbor Treasurer
City Of Burton Treasury
City of Dearborn
City Of Dearborn Water
City Of Hermitage

City Of Livonia Water
City Of Niles
City Of Norton Shores
City Of Petoskey
City Of Portage
City Of Royal Oak Water
City Of Taylor Water Dept
City Of Warren - Water
City Of Westland Water
Class Painting, Inc
Classic Heating & Cooling
Cloudinary
Coast To Coast
Coastal Consulting
Coaster
Columbia Gas Of Ohio
Columbia Gas Of Pennsylvania
Comcast
Communication and Design
Corsicana
Cosco
Cozzia Usa Llc
Cramco Inc.
Credential Check
Crowd Content Media
Crown Lift Trucks
Crown Mark Furniture
Cust Service In House Vendor
Danby Products Inc.
Delta Distribution
Design Manufacturing
DispatchTrack
Display of Dalton
Displays to Go
Doner
Dung Khanh Co.,Ltd
Dupage County Public Works
Eagle Office Solutions, Inc.
ecUtopia Inc.
Ehresman Architects

3

Ehrlich (J.C. Ehrlich)
Elements International
Emerald Homes
Endgraph
Entech Staffing Solutions
Enterprise -Ean Services
Ergomotion
Excel International Sleep
Express Services, Inc.
Fairmont Sign Co.
Fed Ex
Feizy Rugs
Fire Defense
Fish Window Cleaning
Flexsteel Industries Inc
Floor Savers
Forbes Products
Franklin Corp
Fusion Furniture Inc.
Fuyuan Wood Industry
Gather Craft
Gathercraft
Gleaners Community Food Bank of
Southeastern MichiganRS
Glideaway Bed Carriage MF
Global Access Control Systems
Global ACS
Global Industrial
Google Maps APIs
Goolsby Trucking Company
Grandview Gallery
Graphics East
Greentouch
GS Retail
GSA International
Guardian Alarm
H.M. Richards
Hammary
Harford Alarm
Hillsdale Furniture, Llc

Holiday Foliage
Holland House
Home Depot
Home Elegance By Top-Line
Hootsuite Inc.
Howard Elliott
Hsinya Wood Industry
Huckestein Mechanical
Hughes Furniture
Hunt Sign Company
Identity Marketing & PR
Imax Corporation
Intercon
IPFS Corporation
Jackson Catnapper
Jaipur Home
JB Hunt
Jessica Bluemke Greiff
JLA
Jofran
Johnathan Louis
Julianne Griffith
Kenroy International
Kingsdown
Kochville Twonship
Kone Chicago
Kone Elevator
Kuka
Kurio King Inc.
Kurnia Sejati Sdn Bhd
L Capital Llc
Labor Law Center
Labor Staffing Solution
Lane Home Furnishings
Latitude Tree Furniture
La-Z-Boy Chair Company
Leather Italia
Legacy Classic Furniture
Liberty Furniture Industr
Light In Window Cleaning LLC

4

Linkedin
Linon Home Decor
Lite Source
Lj Gascho
Long Green Heating & Air
Love My Pillow
M Design Village
Magnussen
Malouf
Marco
Marco Technologies, LLC
Marcola Contracting LLC
Martor USA
Mercury Promotions
Merit Design Studio, Inc
Mhog Utilities
Micheal Nicholas Design
Modern Millworks
Modus Furniture Intl
Municipal  Westmoreland County
Murrows Transfer, Inc.
MyFonts
Najarian
Napa Furniture Designs
National Door Systems, LLC
National Logistics Service
National System Installer, LLC
Nationwide Illumination
Need It Now Ohio
New Classic Furniture
North Fayette Township
Nourison Rugs
NTVB
Ohio Edison
Ollix / JLA
Oriental Weavers
Otis
Overhead Door Company Of
Overman International Corp
PACIFIC COAST LIGHTING

Packaging Services Corp
Palladio Us LLC
Palliser Furniture Corp
Parker House
Peak Living
Penelec
Penn Power
Peopleready Inc.
Peoples
Philips Sign & Lighting Inc.
Powell Home Fashions
Prana
Preferred Safe and Lock
Process Display - Tempur Pedic
Progressive Distribution Ctrs
Pulaski (HMI)
Pure Motion Media
R.A.M. Heating & Cooling Inc.
Rdb Davison Rd Llc
Republic Services #674
Republic Services #675
Republic Services #676
Republic Services #677
Reverie (Ascion LLC)
Ring Central
River City Global Sourcing LLC
Robert Half
Rockbot
Rocket Enterprise Inc.
Roto-Rooter Services Co.
RPS Protection Ltd
Rustique Inc
Rw Lapine Inc
S.A. Comunale Co., Inc.
Sagebrook
Saginaw Art Museum
Samuel Lawrence Furn (HMI)
Sanford Enterprises
SARO
Sauder Woodworking Inc

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

Schindler
Schindlr
Screenworks
Sealy Mattress Company
SEM Rush
Semco Energy Gas Company
Serta Restokraft Mattress Co.
Seventh Avenue Apothecary
SFV Services
Shaw Industries
Shelby Twp. Dpw
Sheren
Sherwood
Shine Influencers
Shutterstock, Inc.
Simon Li Furniture
Simply Cool
Smithmeyer's Electronics
Solstice Sleep
Sonitrol
Source One Digital
Southern Motion Inc
Spectrum
Spiff, Inc.
SPINK & CO
SRS Shelving + Rack Systes
Standard Furniture Mfg Co
Staples
Stearns & Foster Company
Steve Silver
Store Supply Warehouse
Storis
Style Line
Stylecraft Home Collection
Sunbelt Furniture Express
Sunny Designs
Surya Carpet Inc
Tech Electric

Tempur-Pedic Inc
Terrace Living
Terrance LIving
The Bus Stops Here Foundation
The Buzz Company, Inc
The Search Group
The Simmons Mfg. Co. LLC
Toledo Edison
Trimble, Inc.
TruCommerce ecUtopia
Twin Star International
Uline
Underwood
United Furniture Industries
Uniters North America
Update
Vaughan- Bassett
Venture Vision
Vertify, Inc
Vogue / Paxton Sales Inc.
W.A.C.M.A.
Walls Need Love
Washington Behold
Waste Management
Waterford Police Department
Waterford Water & Sewer Dept
West Penn Power
Wetzel Brothers
Williams HVAC
Woody Furniture
Workforce
Wright Global Graphics
WZC
XSENSOR Technology Corporation
York Heating &Air Conditioning
Youngstown Water Department
Zenith Companies

IBLOOMFIELD\000160340\0002\3056529.v1-1/25/21

**<u>Exhibit 3 to the Declaration of Mark Shapiro</u>**

**Connections of B. Riley to the Interested Parties**

- Dorsey & Whitney LLP represents B. Riley Securities from time to time.

- B. Riley Financial Inc. and its affiliates appears in other unrelated matters in which the following entities are also involved:

  > Stretto
  > Chase
  > Paycor
  > Store Capital
  > Hilco
  > Clark Hill PLC
  > Faegre Drinker Biddle

- B. Riley Advisory Services and its affiliates are involved in other proceedings in the United States District Court and the Bankruptcy Court in the Eastern District of Michigan on unrelated matters, and in such proceedings have worked with employees of the U.S. Trustee's office and have appeared before, and may in the future appear before, judges listed as Potential Parties in Interest.