IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| LOVES FURNITURE INC., d/b/a LOVES FURNITURE AND MATTRESSES, a Delaware corporation, | Case No. 21-40083 (TJT) |
| | Hon. Thomas J. Tucker |
| Debtor. | |

**LIMITED OBJECTION OF STORE MASTER FUNDING XII, LLC, STORE SPE AVF I 2017-1, LLC, STORE SPE AVF II 2017-2, LLC, AND STORE CAPITAL ACQUISITIONS, LLC TO DEBTOR'S MOTION TO ENTER INTO CONSULTING AGREEMENT**

STORE Master Funding XII, LLC ("**STORE Master**"); STORE SPE AVF I 2017-1, LLC ("**STORE AVF I**"); STORE SPE AVF II 2017-2, LLC ("**STORE AVF II**") and STORE Capital Acquisitions, LLC ("**STORE Capital**" and together with STORE Master, STORE AVF I, and STORE AVF II, "**STORE**") by and through undersigned counsel, hereby filed this limited objection (the "**Objection**") to Debtor's *First Day Motion for Interim and Final Orders (I) Authorizing the Debtor to (A) Assume Prepetition Consulting Agreements; (B) Enter Into the Consulting Agreement, (II) Authorizing and Approving the Conduct of Store Closing Sales, with Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, (III) Authorizing and Approving Store Closing Procedures, and (IV) Granting Related Relief* [Dkt. No. 28] (the "**Consulting Agreement Motion**") filed by Loves Furniture, Inc. d/b/a Loves Furniture and Mattresses ("**Loves**"). In support of the Objection, STORE states as follows:

## BACKGROUND

A. **The Leases and Notes**

1. STORE AVF II as lessor and Loves as lessee are party to that certain Master Lease Agreement dated May 4, 2020 for properties located in Taylor, MI; Portage, MI; Saginaw, MI; Petoskey, MI; Woodridge, IL; Royal Oak, MI; and Columbus, OH (the "**AVF II Lease**").

2. STORE Master and Loves are party to that certain Master Lease Agreement dated May 4, 2020 for properties located in Shelby Township, MI; Schaumberg, IL; Howell, MI; Livonia, MI; and Burton, MI (the "**First SMF Lease**").

3. STORE AVF I as lessor and Loves as lessee are party to that certain Master Lease Agreement dated May 4, 2020 for properties located in Waterford, MI; Warren, MI; Port Huron, MI; and Bay City, MI (the "**AVF I Lease**").

4. STORE Master as lessor and Loves as lessee are party to that certain Master Lease Agreement dated May 4, 2020 for properties located in McMurray, PA; Pittsburgh, PA; Harrisburg, PA; Leesburg, VA; Altoona, PA; Towson, MD; and Mount Pleasant, PA (the "**Second SMF Lease**" and together with the AVF II Lease, the AVF I Lease, and the First SMF Lease, the "**Master Leases**").

5. STORE Capital as lender and Loves as borrower are party to that certain *Inventory Loan Agreement* dated May 4, 2020 (the "**May Loan Agreement**") pursuant to which STORE Capital loaned Loves $5.29 million.

6. In connection with the May Loan Agreement, Loves executed that certain *Inventory Promissory Note* (the "**May Note**") in favor of STORE Capital.

7. Also in connection with the May Loan Agreement, Loves executed that certain *Inventory Security Agreement* dated May 4, 2020 (the "**May Security Agreement**" and together with the May Loan Agreement and the May Note, the "**May Loan Documents**").

8. STORE Capital holds a secured claim against Loves under the May Loan Documents in the amount of $5,321,740.

9. STORE Capital as lender and Loves as borrower are party to that certain Inventory Loan Agreement dated October 16, 2020 (the "**October Loan Agreement**") pursuant to which STORE Capital loaned Loves $1,273,000.

10. In connection with the October Loan Agreement, Loves executed that certain Inventory Promissory Note (the "**October Note**") in favor of STORE Capital.

11. Also in connection with the October Loan Agreement, Loves executed that certain Inventory Security Agreement dated October 16, 2020 (the "**October Security Agreement**" and together with the October Loan Agreement and the October Note, the "**October Loan Documents**").

12. STORE Capital holds a secured claim against Loves under the October Loan Documents in the amount of $1,280,638.00.

13. Under the May Loan Documents and the October Loan Documents, STORE Capital holds a secured claim against Loves in the current total amount of $6,602,108.

14. STORE holds valid perfected first-position security interests in all inventory of Loves located in the premises subject to the Master Leases. STORE's security interest

further attaches to any inventory brought into the premises subject to the Master Lease on a go-forward basis.

15. STORE's security interest similarly attaches to funds generated from the sale of any of inventory located in the premises subject to the Master Leases.

### B. The Bankruptcy and the Consulting Agreement Motions

16. Loves filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code on January 6, 2021 (the "**Petition Date**").

17. Debtor filed a number of first-day motions, including the Consulting Agreement Motion and *Debtor's Emergency Motion for Entry of Interim Order Authorizing (A) Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (B) Permitting Use of Inventory Potentially Subject to Security Interests and Liens and Preventing Interference with Such Use; and (C) Granting of Superpriority Claims and Adequate Protection, and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(c)* [Dkt. No. 18] ("**Cash Collateral Motion**").

18. The Court entered orders approving, on an interim basis, both the Consulting Agreement Motion and the Cash Collateral Motion.

19. Pursuant to the interim order approving the Consulting Agreement Motion, the Court granted interim approval for the Sale Promotion Consulting Agreement (the "**Consulting Agreement**") by and between Loves and Planned Furniture Promotions, Inc. ("**PFP**").

## OBJECTION

20. STORE hereby objects to the entry of a final order approving the Consulting Agreement Motion.

21. The deadline to object to final approval of the Cash Collateral Motion is February 2, 2021. STORE intends to object to final approval of the Cash Collateral Motion based on, *inter alia*, Loves's failure to adequately represent the extent of STORE's secured claim and, more importantly, its failure to demonstrate that Loves can provide adequate protection to STORE for the use of its cash collateral.

22. Because Loves cannot demonstrate that STORE is adequately protected, a final order approving the Cash Collateral Motion cannot be entered. Without the authorization to use cash collateral, Loves cannot sell its inventory pursuant to the Consulting Agreement, and the Consulting Agreement Motion cannot be approved.

## JOINDER IN OBJECTIONS RAISED BY OTHER SECURED CREDITORS

23. To the extent consistent with the objections expressed herein, STORE also joins in the objections of other secured creditors to the relief sought in the Consulting Agreement Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

STORE respectfully requests that the Court deny the Consulting Agreement Motion and grant such further relief as the Court deems proper.

Respectfully submitted:

DATED: January 29, 2021

*/s/ David M. Blau*
David M. Blau
CLARK HILL PLC
Telephone: 248.988.1817
Facsimile: 248.988.2336
E-mail: dblau@clarkhill.com

and

Craig Solomon Ganz (AZ 023650)
Michael A. DiGiacomo (AZ 032251)
BALLARD SPAHR LLP
1 E. Washington Street, Suite 2300
Phoenix, AZ 85004
Telephone: (602) 798-5400
Facsimile: (602) 798-5595
E-mail: ganzc@ballardspahr.com
E-mail: digiacomom@ballardspahr.com

*Counsel for STORE Master Funding XII, LLC, STORE SPE AVF I 2017-1, LLC, STORE SPE AVF II 2017-2, LLC and STORE Capital Acquisitions, LLC*