UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Case No. 21-40083

LOVES FURNITURE INC., Chapter 11

Debtor. Judge Thomas J. Tucker

______________________________________/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On May 6, 2021, the Debtor filed a combined plan and disclosure statement, in a document entitled "Debtor's Combined Plan of Liquidation and Disclosure Statement" (Docket # 405). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document. The Court notes the following problems, some of which are relatively minor, but all of which the Debtor must correct.

1. Paragraph 1.2.49 of the Plan on page 8 contains a typographical error and appears to be missing some language at the end of the sentence. The Debtor must correct this.

2. The current caption for Article II of the Plan on page 11 is "Administrative Expense Claims and Priority Claims." The Debtor must modify this caption to state: "Administrative Expense Claims and Non-Voting Priority Claims."

3. The Debtor must delete paragraph 2.2 of the Plan on page 12, and must classify and treat the § 507(a)(7) priority claims in Article III. 11 U.S.C. § 1123(a)(1) requires classification of all priority claims except those of a kind specified in 11 U.S.C. §§ 507(a)(2), 507(a)(3), and 507(a)(8).

4. Paragraph 3.1 of the Plan on page 13 states, in relevant part: "In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Priority Customer Deposit

Claims and Priority Tax Claims of the kinds specified in sections 507(a)(1), **507(a)(7)** and 507(a)(8) of the Bankruptcy Code, respectively, have not been classified and their treatment is set forth in Article 2 above." (Emphasis added.) Because, as explained above, the Debtor must classify and treat § 507(a)(7) claims in Article III, the Debtor must delete any reference to § 507(a)(7) in this sentence.

5. In paragraph 4.3 of the Plan on page 14, the Debtor must correct an apparent typographical error in the last line of the first unnumbered paragraph, to add the word "on" to the phrase "will be paid in full or prior to the Effective Date of the Plan" so that the phrase says "will be paid in full on or prior to the Effective Date of the Plan."

6. The Debtor must treat each secured creditor in Article IV of the Plan in a separate class, including the claims of the two secured creditors treated together in Class 6, in paragraph 4.6 of the Plan on page 16. As a result of now placing the two secured creditors in current Class 6 in separate classes, the Debtor also must revise the list of classes in the chart in paragraph 3.2 of the Plan on page 13.

7. In discussing Class 5, the "Secured Claim of TD Bank," Paragraph 4.5 of the Plan on page 15 uses the term "Secured TCF Bank Claim," but neither that term nor the term "TCF Bank Claim" is defined anywhere. Nor is the term "TCF Bank Claim" used anywhere else. The Debtor must define this term, or remove any reference to this term.

8. With respect to the list of "Conditions Precedent to the Effective Date" listed in paragraph 5.1 of the Plan on page 17, one of the conditions, listed in paragraph 5.1.b, is that "No request for revocation of the Confirmation Order under section 1144 of the Bankruptcy Court is pending." In addition to the need to correct the typographical error ("Court" should be "Code"),

this provision needs further explanation. Under 11 U.S.C. § 1144, a party in interest may request revocation of a confirmation order "at any time before 180 days after the date of entry" of the confirmation order. Consider this hypothetical situation: assume that, by 60 days after the entry of a confirmation order, all the conditions precedent to the Effective Date listed in subparagraphs 5.1.a, 5.1c, 5.1.d, and 5.1.e have occurred. And assume further that at that time, there is no § 1144 revocation request then pending. In that situation, must the Effective Date still await the passing of the 180 day deadline for filing a request for revocation under § 1144? If the answer is yes, and this is part of the Debtor's intended meaning of the condition in paragraph 5.1.b, the Debtor must make this clear. If this is not part of the Debtor's intended meaning, the Debtor must make this clear.

9. The Debtor states the following in paragraph I.A of the Disclosure Statement on page 33: "The Debtor was incorporated on April 2, 2**021**, although it did not commence retail operations until August 28, 2020." (Emphasis added). The Debtor's stated date of incorporation is incorrect. The Debtor must correct this.

10. In paragraph I.B.2 of the Disclosure Statement on page 34, the Debtor must state whether Jeff Love received any fringe benefits from the Debtor, pre-petition or post-petition, and if so, the Debtor must describe those benefits.

11. It appears that there is a word missing in the last sentence of the first unnumbered within paragraph II.A.3 of the Disclosure Statement on page 42, which states: "Kuehne + Nagel asserted, and **likely a valid**, enforceable and perfected possessory carrier's lien on the Purchased Inventory." (Emphasis added). The Debtor must correct this.

12. In paragraph III.E of the Disclosure Statement on page 47, the Debtor must fill in the

blank.

13. The Debtor must revise paragraph VI.E.2 of the Disclosure Statement on page 51, so that it states in its entirety:

> 2. *Except as provided in the Plan and in 11 U.S.C. § 1141(d), in the case of a corporation that is liquidating and not continuing its business as in this case:*
>
> *(a) Claims and interests will not be discharged.*
>
> *(b) Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.*

Accordingly,

IT IS ORDERED that no later than **May 25, 2021**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **May 25, 2021**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Combined Plan of Liquidation and Disclosure Statement" filed May 6, 2021.

**Signed on May 18, 2021**




**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**