UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 21-40083

LOVES FURNITURE INC.,                               Chapter 11

          Debtor.                          Judge Thomas J. Tucker
_____/

**ORDER GRANTING IN PART, AND DENYING IN PART, MOTION TO QUASH
SUBPOENAS FILED BY US ASSETS, ET AL. (DOCKET # 589),
AND CANCELING SEPTEMBER 15, 2021 HEARING**

      This case is before the Court on a motion to quash subpoenas, entitled "Third Parties US Assets, Inc., Jeff Love, Dave Aarant, US Realty Acquisitions, White Oak Station, Penguin Point, and Del Roy's Collective Motion to Quash Subpoenas And/Or For a Protective Order Pursuant to Fed.R.Civ.P. 45[(d)](3)(A) and Fed.R.Bankr.P. 9016" (Docket # 589, the "Motion"). The Official Committee of Unsecured Creditors (the "Committee") and Shift4 Payments, LLC filed objections to the Motion (Docket ## 596, 601). The Motion currently is scheduled for an adjourned hearing to be held on September 15, 2021 at 12:00 p.m.

      The Court now concludes that a hearing on the Motion is not necessary, and that the Motion should be granted in part and denied in part, as provided by this Order.

      The Court finds and concludes as follows.

      First, the Motion is correct in arguing that the place of the document production required by the subject subpoenas, with respect to both electronically stored information and paper documents, must be within the geographic area described in Fed. R. Civ. P. 45(c)(2)(A). This means that Dallas, Texas is a suitable location. Detroit, Michigan is not.

      Second, the Court rejects Movants' arguments in the Motion that compliance with the subject subpoenas would be unduly burdensome, and unduly expensive, and that the scope of the documents to be produced is overly broad. The Court already rejected these arguments, in its oral ruling during the hearing held on June 16, 2021. That hearing concerned the Committee's Rule 2004 motion,[1] to which the Movants had objected. In opposing the Rule 2004 Motion, these same Movants all made the same arguments about undue burden and overbreadth. But the Court rejected those arguments. In its oral ruling, the Court stated, among other things:

---

[1] "Motion of the Official Committee of Unsecured Creditors for an Order Under Fed. R. Bankr. P. 2004 Directing Certain Parties to Produce Documents and Appear for Examination" (Docket # 428, the "Rule 2004 Motion").

With respect to Rule 2004, I do find and conclude that there is cause, ample cause, shown for the Court to order the relief requested under Federal Bankruptcy Rule 2004(b) and 2004(c), not only with respect to the scope of discovery . . . that is permitted by that Rule which is extremely broad, . . . but also bearing in mind there is no requirement in the Rules, nor any case law that's binding in this Court at least, for the proposition that a party must give the subject of a Rule 2004 examination or document production subpoena all the protections of the Federal Rules of Civil Procedure that apply to discovery in adversary proceedings or in federal civil actions under the Federal Rules of Civil Procedure. And I am not going to impose such a requirement.

I do note, however, that protections of parties who are subpoenaed based on Rule 2004 do have built-in protections in the form of the fact that Federal Bankruptcy Rule 2004(c) . . . really ties in Federal Bankruptcy Rule 9016, which makes applicable Rule 45 of the Federal Rules of Civil Procedure, which rule of course includes within it, protections of various kinds that are afforded to parties who are the recipients of subpoenas for examination or documents. So the provisions and protections of that rule will apply and the procedures under that rule will apply with respect . . . to parties who receive subpoenas and my ruling on the Rule 2004 motion will not prevent any of that. And that is in my view, ample protection for the rights, due process rights, and any other rights of the parties who are going to be the subject of these subpoenas.

**The argument that these document requests that are built into these proposed subpoenas are not narrowly tailored enough in my view is not shown and I am not persuaded of that at all. In my view, . . . while the scope of the documents requested and discovery requested is broad, Rule 2004 permits it to be broad if cause is shown, and I think cause is shown.** The subject matter that may be inquired into is set out in Rule 2004(b) and is extremely broad. **I don't see that the categories here are in any way unduly burdensome or overly broad.** Now that doesn't mean that particular parties might not be able to make an objection of that type based on Federal Civil Rule 45 and have an opportunity be heard **about a more specific argument to that effect** after they are subpoenaed, but that's certainly no guarantee this Court is going to agree with that. **This request for documents** and Rule 2004 examinations . . ., I think by its nature, **given . . . the nature of this Chapter 11 case, Loves Furniture**

2

> **case, what happened with the Debtor both pre-petition and post-petition, is really a pretty compelling basis in my view for a comprehensive review of documents of the type that are described in the categories of these proposed subpoenas, including the proposed subpoena to US Assets in Exhibit 6-C to the motion.** So the motion will be granted.

(emphasis added).[2]

The Court now reiterates its prior rulings, that the lists of documents in the subpoenas are not overly broad or unduly burdensome. It follows that production of the documents would not be unduly expensive for the Movants — expensive to some extent, perhaps, but not unduly so under the circumstances of this bankruptcy case. And while the Court's June 16 ruling stated that a subpoenaed party might be able to make "a more specific argument" of overbreadth or undue burden, the Motion does not present any more specific arguments on these subjects than the Movants presented in opposing the Rule 2004 Motion.[3] And the Movants' proposed order, filed with the Motion, is stark in its lack of specificity. In pertinent part, it merely asks the Court to order that:

> 2. The Committee must narrow the scope of the discovery requests to what is truly necessary for discovery;
>
> 3. A protective order shall be imposed protecting the US Assets Parties from undue burden and expense;[4]

This wording in the Motion's proposed order is too vague and general to be of any practical use.

Third, the Motion's various arguments that the Committee is failing to pursue potential claims against parties other than the Movants is not a valid basis for objecting to the subpoenas at issue. Such objection is overruled.

---

[2] The quotation is an excerpt taken from the Court's audio recording of the June 16, 2021 hearing, which is on file at Docket # 483, beginning at approximately 12:50 p.m.

[3] The Motion makes reference to the Movants having filed objections to the subpoenas (Docket # 543), on July 7, 2021 (*See* Motion at pdf p. 2 of 29). And those objections make some arguments that the Movants might contend are more specific than the arguments made in the Motion. But the Court finds otherwise. Moreover, the objections were stricken by the Court's Order filed July 8, 2021 (Docket # 544). And the Motion does not reassert any of the arguably more specific arguments that were in the objections. Finally, merely filing the objections does not, by itself, properly bring any of the arguments in the objections before the Court.

[4] Motion at pdf p. 21 of 29.

Fourth, the Court finds the other arguments in the Motion unpersuasive.

Accordingly,

IT IS ORDERED that:

1.  The Motion (Docket # 589) is granted to the extent of the relief provided in paragraph 2 of this Order, below, but in all other respects the Motion is denied.

2.  Except to the extent that the parties agree otherwise in writing, the place of the document production required by the subject subpoenas, with respect to both electronically stored information and paper documents, must be at the Dallas, Texas law office of the Committee's counsel: Foley & Lardner LLP, 2021 McKinney Ave., #1600, Dallas, Texas 75201.

3.  To the extent the Movants and/or the Committee request attorney fees or expenses incurred in connection with the Motion, such relief is denied as to all parties.

4.  This Order is without prejudice to the right of the Committee, in response to the objections that were filed (even though stricken) and served on July 7, 2021 (Docket # 543), to file a motion to compel production and for related relief, under Fed. R. Civ. P. 45(d)(2)(B).

5.  The adjourned hearing on the Motion, currently scheduled for September 15, 2021 at 12:00 p.m., is cancelled as no longer necessary.

**Signed on September 9, 2021**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**