UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                          Case No. 21-40083-tjt

                                                Chapter 11

LOVES FURNITURE, INC.,
                                                Hon. Thomas J. Tucker
            Debtor.
_____/

# MICHIGAN DEPARTMENT OF TREASURY'S RESPONSE TO LIQUIDATION TRUSTEE'S OBJECTION TO PROOF OF CLAIM #137

NOW COMES the Michigan Department of Treasury (Treasury) by and through its attorney, Jay E. Piggott, Assistant Attorney General, and responds to the Liquidation Trustee's Objection as follows:

1. Upon information and belief, Treasury admits.

2. Upon information and belief, Treasury admits.

3. Upon information and belief, Treasury admits.

4. Upon information and belief, Treasury admits.

5. Upon information and belief, Treasury admits.

6. Upon information and belief, Treasury admits.

7. Upon information and belief, Treasury admits.

8. The Notice of Chapter 11 Bankruptcy indicated that the claims filing deadline "is 5/10/21, except that for governmental units the deadline to

file claims is 8/9/21" and that this bar date is for pre-petition debts owed by the debtor.

9. The Bankruptcy Code sections, and Bankruptcy rule stated are inapplicable as the debt listed in the Amended State of Michigan Proof of Claim #137 filed on April 24, 2023 is for a post-petition debt permitted to be allowed as an administrative expense pursuant to 11 USC Sec 503(b)(1)(D).

10. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

11. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

12. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

13. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

14. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

15. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

16. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

17. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

18. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

19. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

20. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

21. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

22. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

23. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

24. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

25. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

26. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

27. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

28. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

29. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

30. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

31. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

32. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

33. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

34. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

35. This allegation is neither admitted nor denied for the reason that it applies to a different creditor than Treasury.

36. Treasury admits that they filed a timely Proof of Claim #72 asserting a Priority Claim for pre-petition Michigan Sales Taxes due and owing on March 24, 2021.

37. Treasury admits that a Proof of Claim was filed on September 2, 2021 asserting an Administrative Claim in the amount of $5,913,640.86. Treasury has since filed an Amended Proof of Claim on April 24, 2023 reducing its Administrative Claim to only an amount of $3,703.04 made up of $3,270.69 penalty and $432.25 interest on Michigan Sales Tax for the post-petition period of January 7, 2021-January 31, 2021.

38. Treasury denies this allegation. The bar date stated in paragraph 8 of the Trustee's Objections is May 10, 2021. However, the governmental bar date for pre-petition claims was August 9, 2021. Treasury timely filed its Proof of Claim #72 for debtor's pre-petition debts asserting Priority status on March 24, 2021. Treasury further filed an Administrative Claim #137 for debtor's post-petition debt on September 2, 2021. Pursuant to 11 USC Sec 503(b)(1)(D), "a governmental unit shall not be required to file a request for the payment of an expense… as a condition of its being an allowed administrative expense." Further, there was no deadline established by the court as it relates specifically to governmental administrative claims. Pursuant to the Order Establishing Deadlines and Procedures entered by this Court on January 27, 2021, paragraph 9 states that "Taxing authorities may file a request for payment of an administrative expense at any time under 11 U.S.C Section 503(a)." Additionally, pursuant to the "Notice of Order Establishing Deadlines

and Procedures" filed on January 29, 2021, paragraph 9 states: "Deadline for taxing authorities to file a motion to allow an administrative expense is n/a." Lastly, this court stated in In re Halabu, 501 B.R. 685 (Bankr. E.D. Mich. 2012) that "(u)nder current law, a governmental unit is not required to file any request for payment of an administrative expense—"timely," "tardily," or at all—in order to be allowed an administrative expense for a tax incurred by a debtor's bankruptcy estate under 11 USC Sec 503." There was no court ordered deadline as to governmental administrative claims for expenses. The provisions in the Order Establishing Deadlines stated they could be filed anytime. 11 USC Sec 503(b)(1)(D) states a governmental unit does not need to file a request for the payment of an allowed administrative expense. As a result, there is no basis to deny Treasury's claim.

39. Treasury denies this allegation because as a result of the Amended Proof of Claim filed on April 24, 2023, the estimated sales tax portion of Claim 137 was removed.

40. Treasury denies this allegation as to the current amounts and classification of the debts. As a result of the Amended Proof of Claim filed on April 24, 2023, the only assessed liability remaining is a penalty in the amount of $3,270.69 and interest of $432.35 on post-petition Michigan Sales Tax for a total of $3,703.04 classified as an

administrative expense. The objection does not give any legal basis for why this post-petition claim should be allowed as only a priority or general unsecured claim. Pursuant to 11 USC 503(b)(1)(C), the claim is specifically allowed as an Administrative Claim.

WHEREFORE, the Michigan Department of Treasury respectfully requests that this Court deny the Liquidating Trustee's claim objection, order the Trustee to pay the penalty and interest on which these claims are based and to grant further relief that the court finds equitable and just.

Respectfully submitted,

Assistant Attorney General

/s/ Jay E. Piggott
Jay E. Piggott (P68091)
Assistant Attorney General
3030 W. Grand Blvd. Ste 10-200
Detroit, MI 48202
Telephone: (313) 456-0140
Email: PiggottJ4@michigan.gov

Date: April 26, 2023

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                                  Case No. 21-40083-tjt

                                                        Chapter 11

LOVES FURNITURE, INC.,

                                                        Hon. Thomas J. Tucker

                   Debtor.
_____/

**PROOF OF SERVICE**

       The undersigned certifies that on April 26, 2023, a copy of the Michigan Department of Treasury's Response to Liquidation Trustee's Objection to Governmental Claims, was served upon the attorneys of record of all parties to this matter by electronic filing with the Clerk of the Court using the ECF Filing system.

                                                    /s/ Jay E. Piggott
                                                    Jay E. Piggott (P68091)
                                                    Assistant Attorney General
                                                    3030 W. Grand Blvd. Ste 10-200
                                                    Detroit, MI 48202
                                                    Telephone: (313) 456-0140
                                                    Email: PiggottJ4@michigan.gov

Dated: April 26, 2023