UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                     Case No. 21-40083

LOVES FURNITURE INC.,                    Chapter 11

             Debtor.                               Judge Thomas J. Tucker
_____/

**ORDER DENYING CREDITOR KIM HYATT'S MOTION TO REISSUE A CHECK**

This case is before the Court on a motion filed on July 24, 2023 by creditor Kim Hyatt (the "Creditor"), entitled "Motion to Reissue a Check" (Docket # 887, the "Motion"). The Motion requests that the Court order that a check that the Creditor misplaced (Check No. 8276), be reissued. (*See* Mot. at ¶¶ 1, 3.) The Liquidation Trustee filed a response on July 25, 2023, objecting to the Motion (Docket # 889, the "Response"). The Court concludes that a hearing on the Motion is unnecessary, and that the Motion must be denied.

In the Response, the Liquidation Trustee states, in relevant part:

> 12. On June 13, 2022, the Liquidation Trustee issued check number 8276 in the amount of $284.00 made payable to "Kim Hyatt" (the "Check") for the Hyatt Scheduled Customer Claim; the Liquidation Trustee mailed the Check to the address of the movant on the same day.
>
> 13. Pursuant to Article VI, section 6.14 *Time Bar to Cash Payments by Check*, the terms of the Plan provide that
>
>> "Checks issued by the Liquidation Trustee on account of Allowed Claims will be null and void if not negotiated within one hundred twenty (120) days after the date of issuance thereof, except those returned as undeliverable which must be dealt with in accordance with Section 6.2 of the Plan. After such date, all Claims in respect of void checks will be forever barred, and the proceeds of such checks revest in the Liquidation Trust subject to

> redistribution in accordance with the provisions of the Plan."
>
> 14. Pursuant to the terms of the Plan, on September 14, 2022, the Liquidation Trustee caused to be issued a stop payment on the Check, as the Check had not been cashed within one hundred twenty (120) days after the date of issuance and was void.
> . . .
>
> 15. To the extent that the Motion is requesting check number 8276 be reissued for the Hyatt Scheduled Customer Claim, the Liquidation Trustee does not object, however, the Plan prohibits the Trustee from reissuing a check to movant as the Hyatt Scheduled Customer Claim was not negotiated within one hundred twenty (120) days after the date of issuance and, therefore, the Hyatt Scheduled Customer Claim was forever barred.

(Docket 889 (italics in original)).

The Liquidation Trustee is correct in what he says in paragraphs 13 and 15 of his Response (Docket # 889). And the check at issue was not timely cashed by the Creditor. The confirmed plan in this Chapter 11 case bars the relief sought by the Creditor. (*See* Debtor's First Am. Plan of Liquidation (Docket # 439) at pdf pp. 24-25 (section 6.14 of Article VI of the First Amended Plan), which plan was confirmed by the "Order Confirming Debtor's First Amended Chapter 11 Plan" (Docket # 660).)

Accordingly,

IT IS ORDERED that the Motion (Docket # 887) is denied.

**Signed on August 7, 2023**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**